No. 46,080

State of Kansas, *Appellee,* v. Rollyn E. Wall, *Appellant.*

(482 P. 2d 41)

Opinion filed March 6, 1971.

*Victor D. Goering,* of Hutchinson, argued the cause, and *Robert J. Gilliland, John F. Hayes,* and *William M. Mills* III, all of Hutchinson, were with him on the brief for the appellant.

*Robert F. Stover,* special prosecutor for McPherson county, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Harman, C.: Appellant Rollyn E. Wall was convicted of the offenses of leaving the scene of an injury accident (K. S. A. 1968 Supp. 8-518) and driving a vehicle left of center of the roadway (K. S. A. 1968 Supp. 8-540 [*b*]). Sentences were imposed and he now appeals.

Appellant's first assignment of error is that counsel for the prosecution failed to make an opening statement at the commencement of trial. The contention has no merit. Trial was to

the court. K. S. A. 62-1438, which states an order of trial and upon which appellant relies, is, by its very terms, applicable to trials conducted before a jury. The making of an opening statement in a jury trial is for the assistance of the jury in advising it in advance as to the evidence and issues which will be presented, so that it may more intelligently follow that presentation. The same considerations do not obtain in trial to the court. A trial court has general control and supervision over the proceedings. It may determine in its discretion whether the prosecution should make an opening statement. Subject to that discretion, counsel for the prosecution is not required to make an opening statement in a nonjury case.

At the close of the prosecution's evidence appellant moved for his discharge for the reason the state failed to prove he was driving the automobile at the time in question. The trial court denied this motion and appellant renews the complaint upon appeal.

The prosecution's evidence revealed the following: On July 8, 1969, at about 10:40 p. m., a Mrs. Bunk was driving her automobile on East Avenue A, an east-west road intersecting a railroad crossing at a crest about one-half mile east of McPherson, Kansas. Mrs. Bunk had her two children with her. She was in her lane of traffic when another vehicle collided with her, damaging the left front of her automobile. The Bunk vehicle came to rest directly on the railroad tracks. The other vehicle came to rest about one hundred feet away in a ditch on the north side of the road. Following the impact Mrs. Bunk and her children got out of their car but did not see anyone and did not see the driver of the other vehicle. Mrs. Bunk experienced pain in her left elbow and, later, pain in her neck. Her boy sustained a bruise on his forehead and later complained of pain in his shoulder; the girl sustained a cut on the cheek. Five or ten minutes elapsed before another automobile passed the site of the collision. Mrs. Bunk requested the occupants to summon the police. Several police officers arrived at the scene and conducted an investigation, including measurements as to the point of impact of the collision. The automobile in the ditch was identified as one owned by appellant. A billfold containing his personal identification papers was found on the floorboard of the vehicle. Several officers searched the vicinity for the driver but did not find anyone. The search continued from about 11:00 p. m. to 4:00 a. m. the next morning. One

officer searched back toward the city of McPherson but did not see appellant. At about 4:00 a. m. a deputy sheriff talked to appellant at appellant's residence. Appellant stated he had been knocked unconscious by the accident and had made his way to a Mr. Hill's residence who subsequently brought him home.

Material facts in a criminal case may be established by circumstantial evidence, so long as that evidence satisfies the applicable requirements of consistency with guilt and inconsistency with innocence and possesses the requisite degree of probative force.

The vehicle belonged to appellant. His presence in it at the time of the collision was definitely shown. He asserted he had been rendered unconscious by the collision. A search of the automobile and the area revealed the presence of no other person who might have been the driver. We think these circumstances sufficiently established appellant as the operator of the vehicle at the time in question.

As to the charge of leaving the scene of an injury accident appellant urges insufficiency of the evidence in that it failed to reveal he knew at the time of leaving the scene of the collision he had been in a collision. We have already summarized the prosecution's evidence. Appellant testified that upon the night in question he was driving back to his own home after taking a baby-sitter to her home; his next recollection was awakening in a field on the south side of the road upon which the collision occurred; he did not know he had been in a collision; his recollection was vague as he walked to a Mr. Hill's house which is visible from the accident scene; he could not recall talking to Mr. Hill nor much about walking to his home; Mr. Hill took appellant to appellant's home; upon his arrival his wife told him he had been in an accident and he immediately telephoned the McPherson police and was interviewed by an officer; he went to a doctor the following day.

Mr. Hill testified his home is about one-half mile from the scene of the collision; appellant, whom he had known before, appeared at his home in the early morning hours in a dazed condition; "he looked like a person bewildered and couldn't comprehend"; appellant did not know the location of his car or that he had been in an accident; his trousers were badly torn with blood on them and he had a wide streak of dried blood on his forehead.

Appellant's family physician testified he had treated appellant

the day following the collision; appellant had multiple bruises and abrasions upon his face and both legs; he had a deep evulsion upon one knee, a bruise in the mid-sternum area and a swelling and abrasion upon the mid-forehead; appellant stated he had been unconscious the night before and could not remember what had happened. The doctor further testified any bump to the forehead possibly could cause loss of consciousness; appellant could not have been unconscious for a very long period but it is difficult to determine how long a person might remain unconscious from such a blow as appellant had apparently received as there is no absolute standard for a person's reaction; an unconscious person would not be able to walk but one could possibly walk in a dazed condition following a period of unconsciousness.

Appellant argues that before he can be convicted of the offense commonly known as hit-and-run driving a showing must be made that he had knowingly left the scene of an injury accident.

K. S. A. 1968 Supp. 8-518 provided in part:

( a ) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of K. S. A. 8-520, as amended. Every such stop shall be made without obstructing traffic more than is necessary.

"( b ) Any person failing to stop or to comply with said requirements under such circumstances shall, upon conviction, be punished by imprisonment for not more than one (1) year or by a fine of not more than one thousand dollars ($1,000), or by both such fine and imprisonment. . . ."

K. S. A. 1968 Supp. 8-520 provided:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license or permit to drive to any person injured in such accident or the driver or occupant of or person attending any vehicle or other property damaged in such accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident who is investigating the accident and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

The fact an accused subsequently surrenders himself to the police

would not, of course, absolve him from criminal liability for initially leaving the scene of a collision.

Section 518 contains no express requirement that knowledge on the part of a motor vehicle operator that he has been in a collision is necessary to sustain a conviction for its violation; however, we believe such showing is essential. Section 518 specifically relates to section 520, the clear intent of the two being to require such a driver to stop and then furnish specific information and appropriate aid for the benefit of any occupant of the other vehicle who may have been injured in the collision. Section 520 prescribes an affirmative course of action to be taken by the driver. Implicit therein must be the element of recognition or awareness on the part of that driver of the fact of collision. We cannot believe the legislature intended a penalty to be imposed for failing to follow that course of action if a driver was in fact unaware of the occurrence of collision. We do not imply an accused must have positive knowledge of the nature or extent of injury resulting from the collision nor do we infer that a showing of knowledge of injury accident may not be made by circumstantial evidence. Direct evidence of absolute, positive, subjective knowledge may not always be obtainable. We think it sufficient if the circumstances are such as to induce in a reasonable person a belief that collision has occurred; otherwise a callous person might nullify the humanitarian purpose of the statute by the simple act of immediate flight from an accident scene without ascertaining exactly what had occurred (3 Wharton's Criminal Law and Procedure [Anderson, 1957], § 1004; anno. 23 A. L. R. 3d 497). We hold then that knowledge of collision is an essential element of the offense of hit-and-run driving.

The bare statement of an accused that he had no recollection of a collision, standing alone, might well be suspect. But here that assertion does have satisfactory explanation in the evidence. Appellant's version of his excuse for leaving the scene of the collision was corroborated by the testimony of an acquaintance and by medical evidence as to his condition following the collision. We recognize the rule that upon appeal the evidence must be viewed in the light most favorable to the finding made in the trial court and that all proper inferences must be indulged to support that finding. But from all the circumstances it can hardly be inferred appellant had knowledge he had been in a collision. Such an inference, to be drawn at all, must be based on something more than mere surmise,

conjecture or possibility (*State v. Doyle*, 201 Kan. 469, 441 P. 2d 846).

We conclude the evidence failed to establish appellant had the requisite knowledge the vehicle driven by him was in a collision. His conviction for the offense of leaving the scene of an injury accident must be reversed. The finding of guilty of driving left of center of the roadway was sufficiently supported by the evidence, no trial error appears, and that conviction must be affirmed.

Judgment accordingly.

APPROVED BY THE COURT.