## State of Vermont v. Sandra Sidway

[431 A.2d 1237]

No. 64-79

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 14, 1981

Motion for Reargument Denied April 28, 1981

M. *Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Jacqueline Majoros,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Underwood, J.** This is an appeal from the verdict of the jury and a judgment and sentence of the District Court of Vermont, Lamoille Circuit, Unit No. 3, convicting the defendant of the crime of leaving the scene of an accident. 23 V.S.A. § 1128. The sentence of 0–6 months was suspended, she was fined $200, and granted probation. The sentence was stayed pending appeal.

The defendant, who had no valid operator's license, was driving her mother's car home from a bistro in Stowe, over a highway known as the River Road, at about 11:00 P.M. on January 15, 1978, when she lost control of her car. The weather was fair and the dirt road surface was dry and hard. Her car left the travelled portion of the highway and proceeded approximately 200 feet through a field of uncut vegetation some three to four feet high, crossed a portion of a driveway and struck an unoccupied, parked car. It then crossed a lawn and returned to the highway.

The unoccupied car was parked in the driveway about 80 feet from the River Road and 40 feet from the home of its owner. The force of the impact moved it approximately ten feet. The damage to that car was to the right rear fender and bumper, a tail light was smashed out, and the frame was bent. Chrome trim, gravel and broken glass lay on the ground at the accident scene. There were traces of maroon paint on its green fender.

The occupants of the house, who were preparing to retire for the night and still had their lights on, heard a noise which they described as a loud crash. The children looked out and

saw that the family car had been damaged. The father saw a car on the highway pause momentarily and then drive off.

The defendant testified that she had no knowledge at the time that she had struck or damaged anyone else's car. She did note that her car steered improperly after she returned to the highway and kept swerving to one side, but she surmised that the problem arose when she drove over some rocks in the field. When she got home, the defendant told her mother, the owner of the car, that she had wrecked it. She then went to the hospital where she remained until the following morning.

The defendant's car sustained extensive damage to its right side, and the passenger door was caved in to the extent that it could not be opened. A window was completely smashed out, and broken glass was scattered over the interior of the car. The car's maroon paint matched that found on the fender of the unoccupied car.

The next day the defendant's brother-in-law, who had made his own investigation of the incident, informed her of the accident. The defendant insists that this was the first time she became aware of the accident.

The sole issue before us, and one of first impression in this state, is whether the defendant need have had actual knowledge that she was involved in an accident causing damage, or only such knowledge as would ordinarily cause a reasonably prudent person, under like circumstances, to conclude that an impact had occurred and that damage had resulted.

23 V.S.A. § 1128 provides:

> The operator of a motor vehicle who has caused or is involved in an accident resulting in injury to any person or property, other than the vehicle then under his control or its occupants, shall immediately stop and render any assistance reasonably necessary. He shall give his name, residence, license number and the name of the owner of the motor vehicle to any party whose person or property is injured and to any enforcement officer. A person who violates this section shall be fined not more than $2,000.00 or imprisoned for not more than two years, or both.

This is popularly known as a "hit and run" statute and is primarily directed against a callous class known as

"hit and run" drivers. Its legislative purpose is to prohibit drivers of motor vehicles from seeking to evade civil or criminal liability by escaping before their identity can be established, and from leaving persons injured, abandoned and destitute of first aid or medical care. The duty imposed by the statute on the driver involved in a collision is not a passive one. It requires that he take affirmative action by stopping to give aid and information. *State* v. *Severance*, 120 Vt. 268, 272–73, 138 A.2d 425, 428 (1958).

Our hit and run statute is silent as to whether actual knowledge of impact is a necessary element of the offense. In interpreting the legislative intent behind a penal statute such as this, the interpretation adopted must be one most favorable to the accused. It should not, however, be construed so strictly as to defeat its purpose or lead to an absurd consequence. *State* v. *Cushman*, 133 Vt. 121, 123, 329 A.2d 648, 650 (1974). Furthermore, since the statute prescribes an affirmative course of action on the part of the driver, it is implicit therein that there be an element of recognition or awareness on the part of the driver of the fact of an accident. *State* v. *Wall*, 206 Kan. 760, 764, 482 P.2d 41, 45 (1971). The offense of leaving the scene of an accident makes little sense unless knowledge of the occurrence of an accident is a part of that offense.

A majority of the states (see citations, *infra*) have hit and run statutes, and many of these statutes, like ours, contain no express requirement of knowledge on the part of the driver of the car that he was involved in an accident. Most courts, however, in interpreting the legislative intent behind these statutes, have taken the view that actual knowledge of the collision is an essential element of the offense. They have rejected the notion that the omission of the word "knowingly" makes those hit and run statutes strict liability offenses.

The defendant rested her entire defense on the claim that she did not know at the time of the alleged accident that she had struck and damaged another car. She contends that the trial court, therefore, should have granted her motion for an acquittal or should have charged the jury, as she requested, that she could not be convicted unless they found from the evidence that she had actual knowledge of the impact.

The trial court denied the defendant's motion for an acquittal and did not charge the jury as she requested. Instead,

the trial court gave the following instruction on the issue of knowledge:

> [K]nowledge that an accident occurred and some impact of some kind, is an element of the offense of leaving the scene of an accident . . . . However, it is not absolute or positive knowledge of damage to property or injury to another person that the law requires. Rather, the State must only prove that the circumstances were such that a reasonable person, situated as the defendant was at the time, would have believed that the impact had resulted in damage or injury to another. In other words, if the defendant was aware of an impact or accident under such circumstances as would ordinarily cause a reasonable person to conclude that injuries or damage had resulted, then it was her duty (1) to stop immediately, and (2) to investigate and then obey the Statute.

While perhaps technically correct when examined with extreme care, we feel that the instruction, as presented to the jury, was confusing. It gave the impression that the jury could convict upon a finding of either actual or constructive knowledge of impact on the part of the defendant. As such, it was overly broad and thus incorrect.

Actual knowledge on the part of the accused that she was involved in an accident is an essential element of the offense. However, since direct evidence of actual knowledge on the part of the defendant is not normally available, a majority of jurisdictions (see citations, *infra*) permit the necessary knowledge to be imputed to the defendant by the use of circumstantial evidence. Evidence, for instance, that the damage or impact was so great that it could be inferred that the defendant must have been aware that she was involved in an accident is enough. In certain circumstances, proof of an impact alone is sufficient to raise an inference of knowledge of injury on the part of the fleeing driver and to thereby permit the prosecution's case to withstand a motion for a judgment of acquittal. It is for the jury to determine whether the probative weight of the inference of knowledge arising from proof of impact outweighs the probative force of the defendant's claim of lack of knowledge. *People* v. *Nunn*, 65 Ill. App.

3d 981, 382 N.E.2d 1305 (1978); *State* v. *Wall, supra; State* v. *Feintuch,* 150 N.J. Super. 414, 375 A.2d 1223 (1977); *State* v. *Lemme,* 104 R.I. 416, 244 A.2d 585 (1968); *Herchenbach* v. *Commonwealth,* 185 Va. 217, 38 S.E.2d 328 (1946); *State* v. *Martin,* 73 Wash. 2d 616, 440 P.2d 429 (1968). See generally Annot., 23 A.L.R.3d 497 (1969); 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 290; 61A C.J.S. *Motor Vehicles* § 674(2)(b). We therefore hold that the actual knowledge of impact may be proven either by means of direct or circumstantial evidence.

 The hit and run statute requires not only knowledge of an accident, but also knowledge of resultant injury to either the person or property of another. With respect to the requisite knowledge of such injury or damage, the burden of proof is not so stringent. We hold that the State need only prove that element of the offense by a showing of constructive knowledge on the part of the defendant. It is not necessary to show, by direct or circumstantial evidence, that the defendant had actual knowledge of any resultant injury or damage. If an impact occurs under such circumstances that a reasonable person would anticipate injury to person or property, knowledge of that fact is imputed to the driver. *People* v. *Holford,* 63 Cal. 2d 74, 79–80, 403 P.2d 423, 426–27, 45 Cal. Rptr. 167, 170–71 (1965); *Herchenbach* v. *Commonwealth, supra,* 185 Va. 217, 38 S.E.2d at 329; *State* v. *Wall, supra; People* v. *Nunn, supra.*

 Lack of knowledge, however, of the accident and of the resultant injury or damage is a complete defense to a violation of the hit and run statute.

 Notwithstanding the above holding, the improper jury instruction is not grounds for a reversal in this case. Such error is only grounds for reversal where prejudice is shown, and the burden of proof on the issue of prejudice is on the party alleging error. *Penna* v. *State Highway Board,* 122 Vt. 290, 293–94, 170 A.2d 630, 633–34 (1961); *Meyette* v. *Canadian Pacific Ry.,* 110 Vt. 345, 356, 6 A.2d 33, 39 (1939); *Hill* v. *Bedell,* 98 Vt. 82, 85, 126 A. 493, 494 (1924). In view of the facts of this case, no prejudice is shown.

The defendant was alert enough to navigate her car success-

fully both to and from the scene of the accident. The impact was sufficient to move the unoccupied car ten feet, seriously damage both cars and shower the defendant with glass. Reasonable minds cannot differ on the issue of actual knowledge. The defendant must have been aware of the impact. Furthermore, the impact was clearly of such severity as to give rise to constructive knowledge of damage to the property of another. All other elements having been sufficiently proven, the conviction must stand.

*Judgment affirmed.*