**STATE of Iowa, Appellee,**

v.

**Craig S. MILLER, Appellant.**

**No. 65010.**

Supreme Court of Iowa.

July 15, 1981.

J. R. Sokol and Mark R. Lawson of Sokol & Sokol, Maquoketa, for appellant.

Thomas J. Miller, Atty. Gen., Mark R. Schuling, Asst. Atty. Gen., and Michael Kane, Jackson County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

REYNOLDSON, Chief Justice.

Defendant's appeal involves issues arising in his jury trial on a charge of failing to stop at the scene of a personal injury accident, in violation of section 321.261, The Code 1979. Because we find error in trial court's jury instruction relating to defendant's alleged lack of knowledge that an accident had occurred, we reverse and remand for new trial.

From the evidence the jury could have found that defendant was driving a muddy pickup north on Main Street in Maquoketa, Iowa, on February 25, 1980. He had cleared a spot on the windshield and later testified he could see to drive. He stopped in the left turn lane for a signal light at Platt Street, intending to make a left turn.

Across Platt Street in front of him and to his left the victim, Doris Elkins, waited in the northwest corner of the intersection, intending to proceed south on Main Street. When the light changed, she started across Platt in the crosswalk. Defendant made a left turn and hit her with the middle portion of the front of his pickup, passing completely over her. He continued west on Platt without any unusual change in the speed or direction of his vehicle.

Defendant testified he did not see Elkins at any time, felt no bump, and heard nothing that would indicate he had struck someone. Elkins sustained a broken arm, broken ribs, a bruised leg, and a concussion, which caused vision and hearing problems.

Although defendant made a motion for directed verdict based on the State's alleged failure to prove he had any knowledge he had been involved in any injury-causing incident, his assignments of error center upon the jury instruction hereafter discussed.

I.  *Knowledge as an element of the offense.*

A.  *The statute.* Section 321.261, The Code 1979, provides in pertinent part:

The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene ... and in every event shall remain at the scene ... until he has fulfilled the requirements of section 321.263....

The above statute provides a penalty of imprisonment of not less than thirty days nor more than one year, or by fine of not less than one hundred dollars nor more than five thousand dollars, or both, and revocation of the offender's operator's or chauffeur's license. Section 321.263, referred to in section 321.261, requires the driver of the vehicle involved in the accident to provide identifying information and to give the injured person assistance.

Iowa statutes preceding present section 321.261 expressly referred to the driver's knowledge of the accident. See § 1571–m23, The Code 1913 ("[a]ny person operating a motor vehicle who, knowing that injury has been caused ..."); § 5072, The Code 1927 ("[t]he operator of a motor vehicle who knows that ... injury has been caused

... ."). In 1939 Iowa apparently joined many other states in adopting provisions of the Uniform Vehicle Code [1] that omitted language relating to the driver's knowledge of the injury- or death-causing accident.

B. *The case law.* Nonetheless, despite this litigation-spawning omission from the Uniform Vehicle Code (and consequently from the Iowa Code) courts generally have held that the driver's knowledge of the accident or injury is a prerequisite to a conviction for the violation of such a statute. *See, e. g., Kimoktoak v. State,* 584 P.2d 25, 31 (Alaska 1978); *People v. Nunn,* 77 Ill.2d 243, 251–52, 32 Ill.Dec. 914, 917–18, 396 N.E.2d 27, 30–31 (1979); *State v. Feintuch,* 150 N.J.Super. 414, 420–21, 375 A.2d 1223, 1226–27 (1977); *State v. Lemme,* 104 R.I. 416, 423, 244 A.2d 585, 589 (1968); 7 Am.Jur.2d *Automobiles and Highway Traffic* § 247 (1963); Annot., 23 A.L.R.2d 497 (1969).

These decisions ordinarily start from the premise that the statute requires an affirmative course of action to be taken by the driver and it necessarily follows that one must be aware of facts giving rise to the duty in order to trigger the obligation to perform it. *See Kimoktoak,* 584 P.2d at 31; *Nunn,* 77 Ill.2d at 252, 396 N.E.2d at 31; *Feintuch,* 150 N.J.Super. at 421, 375 A.2d at 1226.

Finally, although the issue has not been presented squarely in our prior decisions, our opinions interpreting companion section 321.264 (informational requirements after striking unattended vehicle) strongly indicate knowledge is an implied element of the offense. *See State v. McDonald,* 190 N.W.2d 402, 405 (Iowa 1971); *State v. Christopher,* 176 N.W.2d 777, 778–79 (Iowa 1970). The State's brief concedes these decisions are decisive on the requirement of the driver's knowledge, but seeks to support the court's instruction that if defendant lacked knowledge as a result of his own carelessness or negligence, he nonetheless could be convicted.

C. *The instruction.* Trial court's instruction relating to the elements of the offense made no mention of defendant's knowledge, but the latter took no exception. However, instruction 7 told the jury:

The defendant asserts that at the time of the alleged occurrence, he did not know an accident had taken place.

In this regard, you are instructed that if you find the defendant did not know that an accident had taken place and that his lack of knowledge that an accident had taken place was not a result of his own carelessness or negligence, then you should find the defendant not guilty.

Defendant, citing *Christopher,* took exception to the court's failure to give his requested instruction, which was essentially the same as that quoted above except that it omitted the clause relating to carelessness and negligence. He then took exception to the instruction submitted on the ground it placed "upon the defendant the burden of proving ... that his acts and conduct at the time and place ... were free from both carelessness or negligence ... this ... grafts upon the holding of the Supreme Court ... additional elements ... which are not proper elements ...."

It was apparent from trial court's ruling on the motion for directed verdict, coupled with this instruction, that it did not consider defendant's knowledge to be an element to be proved by the State, but treated defendant's alleged lack of knowledge as an affirmative defense. Whether defendant agreed with this approach is not clear from the record, but it is plain that he contended his own subjective knowledge was required, not the knowledge of a reasonable person.

## II. *Character of knowledge required.*

What we have written in division I presages our determination of this issue. Most jurisdictions confronting the question have held not only that defendant's knowledge of the accident is an element the pros-

---

1. National Committee on Uniform Traffic Laws and Ordinances, *Uniform Vehicle Code* §§ 10– 102, 10–104 (The Michie Co. 1968).

ecution must prove, but that actual knowledge is required, not the theoretical knowledge of a reasonable person.

Thus, in *State v. Snell*, 177 Neb. 396, 404, 128 N.W.2d 823, 828 (1964), the Nebraska court held erroneous an instruction similar to that before us because it "substitute[d] the element of negligence for the element of knowledge which is required . . . ." *See also State v. Wall*, 206 Kan. 760, 764, 482 P.2d 41, 45 (1971) ("We cannot believe the legislature intended a penalty to be imposed for failing to follow that course of [statutory] action if a driver was in fact unaware of the occurrence of the collision."); *Kimoktoak*, 584 P.2d at 32 ("It is not the reasonable person who is on trial but the defendant and it is the defendant's knowledge which must be proved and not that of a hypothetical reasonable person."); *cf. Feintuch*, 150 N.J.Super. at 421, 375 A.2d at 1226 ("[I]t is assumed that the person who was intended to be subject to punishment was a conscious wrongdoer . . . .").

The crime involved here carries penalties in the aggravated and serious misdemeanor range. *See* § 903.1(1), (2), The Code. "The gist of the offense is in concealing or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained." *State v. Sebben*, 185 N.W.2d 771, 774 (Iowa 1971). To hold that one with neither criminal intent nor guilty knowledge could be confined for one year and subjected to a five-thousand-dollar fine would do violence to the careful analysis of our prior decisions, *see State v. Conner*, 292 N.W.2d 682, 686–87 (Iowa 1980); *State v. Kernes*, 262 N.W.2d 602, 606 (Iowa 1978); *State v. Bahl*, 242 N.W.2d 298, 301–02 (Iowa 1976); *State v. Drummer*, 254 Iowa 324, 328–30, 117 N.W.2d 505, 507–09 (1962), and eliminate the element of scienter or mental culpability required by the common law in the case of a serious offense punished by grave sanctions. *See Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249–50, 96 L.Ed. 288, 300 (1952).

This does not mean that a court or jury must accept an accused driver's denial of subjective knowledge. Knowledge or intent is seldom capable of direct proof, but usually is established from the surrounding circumstances. *Christopher*, 176 N.W.2d at 778; *see Kimoktoak*, 584 P.2d at 32; *McDonald*, 190 N.W.2d at 405. *See also Feintuch*, 150 N.J.Super. at 422, 375 A.2d at 1227 ("[P]roof of an impact alone is sufficient to raise an inference of knowledge on the part of the fleeing driver sufficient to withstand defendant's motion for judgment of acquittal."); *Lemme*, 104 R.I. at 423, 244 A.2d at 590.

Our above determination that the State must prove defendant's knowledge of the accident is not to be interpreted as imposing a requirement that the defendant also know the accident has caused injury or death. Although jurisdictions have divided on this point, we hold the better rule to be that expressed in *People v. Holford*, 63 Cal.2d 74, 80, 403 P.2d 423, 427, 45 Cal.Rptr. 167, 171 (1965):

> [T]he driver who leaves the scene of the accident seldom possesses actual knowledge of injury; by leaving the scene he forecloses any opportunity to acquire such actual knowledge. Hence a requirement of actual knowledge of injury would realistically render the statute useless. We therefore believe that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person.

*See also Kimoktoak*, 584 P.2d at 32; *Nunn*, 77 Ill.2d at 252, 32 Ill.Dec. at 918, 396 N.E.2d at 31 ("To require this additional proof would impose a burden that would be unrealistically difficult to sustain and would tend to defeat the public interest which is served by requiring persons involved in vehicle collisions to stop and provide identification and other personal information and to be available to render assistance if required.").

We find it unnecessary to address other issues presented by defendant. We reverse the judgment and remand for new trial.

REVERSED AND REMANDED.