2016 IL App (2d) 140194
No. 2-14-0194
Opinion filed March 30, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-194 |
| KRAIG MEURIS, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant, Kraig Meuris, appeals from his conviction of failure to stop after an accident involving personal injury or death (625 ILCS 5/11-401(a) (West 2012)). The sole issue on appeal is whether the charge required the State to prove that defendant knew that he was in an accident with another person. For the reasons that follow, we find that it did. Thus, we reverse defendant's conviction and remand for a new trial.

¶ 2                                    I. BACKGROUND

¶ 3   Defendant was indicted on two counts of failure to stop after an accident involving personal injury or death, arising out of an incident that occurred on Interstate 90 at about 6:46 a.m. on April 2, 2012. According to a witness, Frank McDonough, defendant's vehicle, a

Freightliner truck, drifted off the roadway and struck a pickup truck that was stopped on the shoulder. Jose Ibarra was standing next to the driver's side of the pickup truck and was struck by the passenger side of defendant's vehicle. Ibarra was thrown to the front of the pickup truck and was later pronounced dead at the scene. Defendant did not stop after the accident. McDonough wrote down the identifying information of defendant's vehicle and contacted the police. Defendant was apprehended and questioned. Defendant admitted to falling asleep and traveling off the roadway but stated that he thought that he hit a road sign or mile marker. He denied knowing that he hit a pickup truck or a person.

¶ 4     A jury trial was set for August 21, 2013. However, prior to trial, the parties disagreed on the *mens rea* of the charged offense. The State argued that it did not have to prove that defendant knew that the accident involved another person. According to the State, it had to prove that defendant knew only that he was involved in an accident. Defendant argued that the State must prove that defendant knew that the accident involved another person but not that defendant knew that the accident caused injury. Following a hearing on the issue, the trial court found that, notwithstanding the supreme court's express pronouncement in *People v. Digirolamo*, 179 Ill. 2d 24, 42 (1997), that "section 11-401 requires that a motorist have knowledge that he or she was involved in an accident that involved another person," it was instead bound by the First District's subsequent ruling in *People v. Villanueva*, 382 Ill. App. 3d 301, 306 (2008), which held that "the State must prove that the defendant knew he was involved in an accident, but it is not required to prove that the defendant knew the accident caused an injury." The trial court concluded that, based on *Villanueva*, the State was not required to prove that defendant knew that he struck a person.

¶ 5     The matter proceeded to a stipulated bench trial. The parties stipulated that the State could present evidence that defendant was a driver involved in a motor-vehicle accident, that the accident resulted in the death of a person, that defendant knew that an accident had occurred, and that defendant failed to stop. The parties also stipulated to the admission of certain exhibits and that the State's witnesses would testify consistently with police reports and witness statements.

¶ 6     Following the stipulated bench trial, the court found defendant guilty of failure to stop after an accident involving personal injury or death. Defendant was sentenced to 30 months' probation and 60 days in jail. The court stayed the sentence pending appeal. Defendant timely appealed.

¶ 7                                    II. ANALYSIS

¶ 8     The sole issue on appeal is whether a conviction of a violation of section 11-401(a) of the Illinois Vehicle Code (625 ILCS 5/11-401(a) (West 2012)) required the State to prove that defendant knew that he was in an accident with another person.

¶ 9     We note that the interpretation of a statute presents a question of law, subject to *de novo* review. *People v. Woods*, 193 Ill. 2d 483, 487 (2000). The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature. *Id*. This inquiry must begin with the language of the statute itself, which is the most reliable indicator of legislative intent. *People v. Marshall*, 242 Ill. 2d 285, 292 (2011). A court must also consider the reason and necessity for the law, the evils to be corrected, and the objects and purposes to be obtained. *Woods*, 193 Ill. 2d at 487.

¶ 10    Section 11-401(a) provides:

"The driver of any vehicle involved in a motor vehicle accident resulting in personal injury to or death of any person shall immediately stop such vehicle at the scene of such

accident, or as close thereto as possible and shall then forthwith return to, and in every event shall remain at the scene of the accident until the requirements of Section 11-403 have been fulfilled.  [(Section 11-403 (625 ILCS 5/11-403 (West 2012)) states that a motorist involved in an accident has a duty to provide information and render aid if necessary.)]  Every such stop shall be made without obstructing traffic more than is necessary." 625 ILCS 5/11-401(a) (West 2012).

Failure to immediately stop under section 11-401(a) is a Class 4 felony, punishable by one to three years in prison.  625 ILCS 5/11-401(c) (West 2012); 730 ILCS 5/5-4.5-45(a) (West 2012).

¶ 11    Section 11-401(b) provides:

"Any person who has failed to stop or to comply with the requirements of paragraph (a) shall, as soon as possible but in no case later than one-half hour after such motor vehicle accident, or, if hospitalized and incapacitated from reporting at any time during such period, as soon as possible but in no case later than one-half hour after being discharged from the hospital, report the place of the accident, the date, the approximate time, the driver's name and address, the registration number of the vehicle driven, and the names of all other occupants of such vehicle, at a police station or sheriff's office near the place where such accident occurred.  No report made as required under this paragraph shall be used, directly or indirectly, as a basis for the prosecution of any violation of paragraph (a)." 625 ILCS 5/11-401(b) (West 2012).

Failure to report an accident in accordance with section 11-401(b) is a Class 2 felony, punishable by three to seven years in prison.  625 ILCS 5/11-401(d) (West 2012); 730 ILCS 5/5-4.5-35(a) (West 2012).  If the accident results in a death, however, the offense is considered aggravated

and enhanced to a Class 1 felony, punishable by 4 to 15 years in prison.  625 ILCS 5/11-401(d) (West 2012); 730 ILCS 5/5-4.5-30(a) (West 2012).

¶ 12    The seminal case addressing the requirements for a conviction under section 11-401(a) of the Vehicle Code is *People v. Nunn*, 77 Ill. 2d 243 (1979).  In *Nunn*, the defendant was driving his truck west when he swerved into the eastbound lane and struck a vehicle, causing the driver to lose control of the vehicle and crash.  *Id*. at 245.  The driver died.  *Id*. at 245-46.  The defendant was convicted of leaving the scene of an accident under section 11-401(a).  *Id*. at 246.  At issue on appeal was whether the State was required to prove that the defendant knew that an accident had occurred.  *Id*.  The State argued that this was a strict-liability offense and that knowledge was not required.  *Id*. at 247.  The supreme court disagreed and held:

> "We consider that to show a violation of section 11-401 the prosecution is required to prove that the accused had knowledge that the vehicle he was driving was involved in an accident or collision.  We do not, however, hold that it is necessary for the prosecution to show also that the accused knew that injury or death resulted from the collision.  To require this additional proof would impose a burden that would be unrealistically difficult to sustain and would tend to defeat the public interest which is served by requiring persons involved in vehicle collisions to stop and provide identification and other personal information and to be available to render assistance if required."  *Id*. at 252.

¶ 13    Ten years later, *Nunn* was reaffirmed in *People v. Janik*, 127 Ill. 2d 390 (1989).  In *Janik*, the defendant was driving on a four-lane highway when he struck a man who was crossing the highway.  *Id*. at 394-95.  The defendant's windshield shattered but he did not stop.  *Id*.  He drove to his home, which was four blocks away.  *Id*. at 395.  The defendant claimed that he did not

know that he hit a person; he thought that something had been thrown at him and that he should immediately leave the area to go home and call the police. *Id.* He was convicted of driving under the influence of alcohol and leaving the scene of an accident involving a death. *Id.* at 393. On appeal, he argued that the trial court erred in refusing to instruct the jury on the defense of necessity to the charge of leaving the scene of an accident. *Id.* at 398. In rejecting the defendant's argument, the supreme court cited *Nunn* as it addressed the elements of leaving the scene of an accident. *Id.* at 399. The court stated: "[T]o support a conviction, the prosecution is required to prove that the accused had knowledge that the vehicle he was driving was involved in an accident or collision and that he left the scene of that accident, though not necessarily that defendant was aware he caused an injury or death." *Id.* The court found that the defendant's testimony, if believed, would not have amounted to a necessity defense; rather, it would have refuted one of the elements of leaving the scene of an accident, *i.e.*, knowledge of an accident. *Id.*

¶ 14    Eight years after *Janik*, in *Digirolamo*, the supreme court considered whether the mental state recognized in *Nunn* (and reaffirmed in *Janik*)—knowledge of an accident—also required knowledge that a person was involved in the accident. *Digirolamo*, 179 Ill. 2d at 39. In that case, the defendant struck a pedestrian during the early morning hours. *Id.* at 28. Several days later, during an investigation, the defendant told officers that he thought that he struck a deer; he later stated that he thought that something had been thrown at him. *Id.* at 30-31. He was convicted of failing to report an accident under section 11-401(b) of the Vehicle Code. *Id.* at 28. The State argued that, under *Nunn*, it had to prove that the defendant knew only that he was involved in an accident. *Id.* at 39. The court acknowledged *Nunn* but found that it did not resolve the issue. *Id.* The court stated:

"Because two moving vehicles were involved, the [*Nunn*] defendant could be presumed to have known from the nature of the accident that another person was involved in the accident. Thus, the *Nunn* court did not have to consider whether 'knowledge of an accident' required knowledge that a person was involved because the circumstances of the accident in that case presupposed the presence of at least one other person." *Id*.

Thereafter, the court agreed with the defendant and held that, "for a conviction under section 11-401, the State must prove that the defendant had knowledge of an accident involving a person." *Id*. at 40.

¶ 15    The *Digirolamo* court explained the basis for its holding as follows:

"This holding best effectuates the legislative intent underlying section 11-401, as revealed by the language and purpose of that section. Section 11-401 is expressly titled 'Motor vehicle accidents involving death or personal injuries.' Section 11-401 specifically refers to the conduct of drivers involved in an accident resulting in injury or death to a person. In contrast, other sections of the Vehicle Code, such as sections 11-402 and 11-404, specifically address the conduct of drivers involved in accidents not involving injury to persons. Under section 11-402, a driver involved in a motor vehicle accident resulting only in damage to a vehicle that is driven or attended to by any person must stop and remain at the scene until section 11-403's duty to give information and render aid is fulfilled. [Citation.] Under section 11-404, a driver involved in an accident with any unattended vehicle or other property resulting in any damage to such other vehicle or property must stop and provide information. [Citation.] Notably, sections 11-402 and 11-404 make failure to comply with those sections a Class A misdemeanor only. [Citation.] In contrast, section 11-401 makes failure to report an accident involving

injury or death of a person, in certain circumstances, a Class 4 felony. [Citation.] Obviously, the only reason for this substantial increase in the penalty for a violation of section 11-401(b) is because a *person*, as opposed to a piece of property, has been injured. It follows, then, that the mental state required for a conviction under section 11-401(b) should require knowledge that the defendant was involved in an accident involving another person.

The legislative purpose behind section 11-401 also leads to the conclusion that the mental state should include knowledge that a person was involved. Section 11-401 specifically imposes on a driver the duty to stop and to fulfill the requirements set forth in section 11-403. [Citation.] Under the terms of section 11-403, a driver has the duty to provide information and render assistance to an injured person. [Citation.] Given the incorporation of section 11-403 into section 11-401, it is clear that the legislature enacted section 11-401 with the primary purpose of requiring a motorist involved in an accident with another person *to stop and render assistance* to the injured person. *** Because rendering assistance requires an affirmative course of action by a driver, it necessarily follows that the driver must be aware of the facts giving rise to this duty. In other words, the driver must know of the existence of an injured person. In view of the legislature's focus on requiring a driver to render aid to an injured person, we find that it is consistent with legislative intent to require that a driver have knowledge that the accident involved another person." (Emphases in original.) *Id*. at 40-42.

¶ 16    Based on *Digirolamo*, it is clear that the State was required to prove that defendant knew that the accident involved a person. Although the *Digirolamo* defendant was found guilty of violating section 11-401(b) of the Vehicle Code, the court clearly addressed section 11-401 as a

whole. Indeed, when discussing the legislative purpose of section 11-401, the court referred to the incorporation of section 11-403 into section 11-401, which occurs in section 11-401(a). The court then specifically stated: "Because rendering assistance requires an affirmative course of action by a driver, it necessarily follows that the driver must be aware of the facts giving rise to this duty. In other words, the driver must know of the existence of an injured person." *Id*. at 41-42. This language clearly applies to the present case.

¶ 17     Nevertheless, the State maintains that the trial court properly disregarded *Digirolamo* and relied instead on *Villanueva*. We disagree. In *Villanueva*, the defendant was in an accident in which his car collided with another car being driven through an intersection. *Villanueva*, 382 Ill. App. 3d at 303. The other driver was taken to the hospital. *Id*. The other driver testified that she was diagnosed with a mild concussion. *Id*. at 304. There was no question that the defendant knew he was involved in an accident and that he left the scene. *Id*. The defendant was convicted under section 11-401(a) of the Vehicle Code. *Id*. at 302. On appeal, he argued that the evidence did not establish that the other driver suffered an injury as required under section 11-401(a), because her testimony about being diagnosed with a concussion was inadmissible hearsay. *Id*. at 304. The defendant did not argue that he did not know that he hit an occupied vehicle. The reviewing court found that, even if the driver's testimony about the concussion was inadmissible, her other testimony was sufficient to meet the requirement of an injury. *Id*. at 306. Thus, whether the State had to prove that the defendant knew that he was in an accident with another person was not in contention. To be sure, the court stated that "the State must prove that the defendant knew he was involved in an accident, but it is not required to prove that the defendant knew the accident caused an injury." *Id*. However, the court relied on *Janik*, without

acknowledging that it had been superseded by *Digirolamo*. Therefore, the trial court erred in relying on *Villanueva* to the exclusion of *Digirolamo*.

¶ 18    The State's reliance on our ruling in *People v. Jack*, 282 Ill. App. 3d 727 (1996), which was also relied on by *Villanueva*, is unpersuasive, as it likewise predated *Digirolamo*. In *Jack*, the defendant was driving on a dark rural road when he struck the victim, who was riding a bicycle. The victim was thrown more than 80 feet onto the side of the road. The defendant claimed that he stopped and looked behind his car but did not see anything and drove on. He was found guilty of violating section 11-401(b) of the Vehicle Code. On appeal, the defendant argued that "section 11-401 'should require that the defendant have some knowledge that the "accident" in which he was involved could result in injury to another party.' " *Id*. at 732. We disagreed. Relying on *Janik*, we found that the State need prove that the defendant knew only that he was in an accident. In so holding, we recognized our disagreement with the Fifth District's holding in *People v. Digirolamo*, 279 Ill. App. 3d 487 (1996), which we found inconsistent with *Janik*. Given the supreme court's subsequent decision upholding *Digirolamo*, *Jack* is not controlling.

¶ 19    Based on the foregoing, we reverse defendant's conviction. The State maintains that there is no double-jeopardy bar to a retrial, because the stipulated testimony was sufficient to establish that defendant had to have known that a person was involved in the accident. See *Digirolamo*, 179 Ill. 2d at 48. Defendant does not argue that the evidence was insufficient. Instead, he argues that "the judge made no determination as to whether the evidence was sufficient to show that the defendant knew that he hit a person and the defense did not present evidence to support the position that [defendant] was unaware that he had collided with a person." Defendant maintains that we must "remand for a new trial where the prosecution must

prove this element." Accordingly, we accept defendant's concession that there is no double-jeopardy impediment to a new trial. See *People v. Patrick*, 233 Ill. 2d 62, 76 (2009) (finding no double-jeopardy impediment to new trial where the defendant did not argue that the evidence was insufficient to convict); *People v. Bannister*, 378 Ill. App. 3d 19, 29 (2007) (issue of double jeopardy is forfeited when a defendant seeks and obtains a new trial).

¶ 20                                        III. CONCLUSION

¶ 21    For the reasons stated, we reverse and remand for a new trial.

¶ 22    Reversed and remanded.