(653 P.2d 819)
No. 53,415

CITY OF OVERLAND PARK, KANSAS, *Appellee,* v. REGINALD ESTELL, *Appellant.*

Opinion filed November 12, 1982.

*D. William Provance,* of Shawnee Mission, for the appellant.

*Michael D. Mance,* of Olathe, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: Defendant was involved in a three-car accident in Overland Park. On appeal to the district court and following trial to a jury, he was adjudged guilty of violating three sections of the Overland Park traffic ordinance, which provide:

"Sec. 23. Accident Involving Death or Personal Injuries; Penalties. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 25 of this ordinance. Each such stop shall be made without obstructing traffic more than is necessary.

"(b) Any person failing to stop or to comply with the requirements of subsection

(a) of this section shall upon conviction be punished by imprisonment for not more than six (6) months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment."

"**Sec. 25. Duty to Give Information and Render Aid.** (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his license or permit to drive, the name of the company with which there is in effect a policy of motor vehicle liability insurance covering the vehicle involved in the accident and the policy number of such policy to any person injured in such accident or to the driver or occupant of or person attending any vehicle or other property damaged in such accident and shall give such information and upon request exhibit such license or permit and, if available, the name of the insurer and policy number to any police officer at the scene of the accident who is investigating the accident and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

"(b) In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (a) of this section, and no police officer is present, the driver of any vehicle involved in such accident after fulfilling all other requirements of Section 23 and subsection (a) of this section, insofar as possible on his part to be performed, shall forthwith report such accident to the police department and submit thereto the information specified in subsection (a) of this section."

"**Sec. 27. Duty to Report Accidents.** (a) The driver of a vehicle involved in an accident resulting in injury to or death of any person or total damage to all property to an apparent extent of three hundred dollars ($300) or more shall give notice immediately of such accident by the quickest means of communication to the Police Department.

"(b) Whenever the driver of a vehicle is physically incapable of giving an immediate notice of an accident as required in subsection (a), and there was another occupant in the vehicle at the time of the accident capable of doing so, such occupant shall make or cause to be given the notice not given by the driver."

The foregoing are in substantial conformity with K.S.A. 8-1602, K.S.A. 1981 Supp. 8-1604, and K.S.A. 1981 Supp. 8-1606.

Defendant was sentenced to pay a fine of $150 and to serve 180 days in jail for the offense of "leaving the scene of an injury accident" (section 23); to pay a fine of $150 and to serve 180 days in jail for the offense of "failure to give information and render aid" (section 25); and to pay a fine of $75 and to serve 90 days in jail for the offense of "failure to report said accident to the police department" (section 27). All jail sentences imposed were to be served concurrently.

The accident occurred the evening of December 23, 1980. Defendant's automobile collided with an automobile operated by one Kevin Shay and careened off to collide head-on with a vehicle operated by one Harold Bennett. Shay was apparently uninjured but Bennett was rendered unconscious and suffered multiple injuries, including a broken leg, a fractured skull and a fractured hip. Defendant's injuries were limited to a badly bloodied nose which he at first thought was broken, and a slight hip injury.

Immediately following the accident, Shay got out of his car and walked to the other cars where defendant was standing. Shay testified that, despite his request, defendant refused to identify himself or produce his driver's license. Defendant denied such information was requested. Shay went to the Bennett vehicle, then turned around and noticed defendant had left his car and was standing in a nearby parking lot. Shay confronted defendant, who said he was going home. Shay convinced defendant to remain at the scene of the accident and, by the time they returned to the scene, a police officer had arrived.

Upon his arrival, Officer Jeffrey Dysart initially attended to the injured Bennett. He remained at the Bennett vehicle until an ambulance arrived some three minutes later. He did note, however, that defendant was at the scene when he arrived. After attending to Bennett and obtaining identification from Shay, he went to defendant's car and discovered defendant was gone. A search of the immediate area was conducted but defendant was not located.

Defendant testified that after the arrival of the police officer and ambulance attendants he decided to walk to his home, which was only one block away, in order to treat his own injuries. He said he had waited for about 15 minutes before departing. He did not notify the police officer of his intentions as "nobody ever approached me." Defendant returned to the scene of the accident after approximately one-half hour but found the cars had been towed away and everyone had gone.

Defendant acknowledged he gave no information to Shay or the police officers. He claimed he intended to do so, but did not because "the police were on the scene and I figured they had the report." Defendant had purchased his automobile only shortly before the accident and had not completed the registration

process. Consequently, defendant's identity was not ascertained by the police until approximately eight days after the accident.

Defendant suggests he could have been convicted of violating section 23 (leaving the scene) or of violating section 25 (failure to give information) or of violating section 27 (failure to report an accident), but certainly not of violating more than one of those provisions. He contends the court's instruction No. 13, to the effect that each offense is separate and distinct, is erroneous and so tainted the proceedings that a new trial is required. Defendant's objection to that instruction was overruled and defense counsel was told not to argue to the jury the interrelationship of those sections.

Relevant provisions of K.S.A. 21-3107 pertaining to multiple prosecutions for the same act are:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (a) A lesser degree of the same crime;

"(d) A crime necessarily proved if the crime charged were proved."

A lesser offense is considered a lesser included offense under K.S.A. 21-3107(2)(d) when all elements necessary to prove the lesser offense are present to establish the elements of the greater offense. *State v. Arnold,* 223 Kan. 715, Syl. ¶ 1, 576 P.2d 651 (1978); *State v. Daniels,* 223 Kan. 266, Syl. ¶ 1, 573 P.2d 607 (1977).

To prove a violation of section 23 of the ordinance, the city was required to establish that defendant failed to stop his vehicle at or near the scene of the accident and return forthwith, and/or failed to remain at the scene until he had fulfilled the requirements of section 25. As defendant's car was inoperable following the accident, and as he did return to the scene of the accident and was there when the police arrived, his violation of section 23 consisted of his failing to remain at the scene until he had fulfilled the requirements of section 25. Consequently, the elements necessary to prove a violation of section 25 were identical to those required to prove a violation of section 23. As a violation of section 25 was necessarily proved by the proof of a violation of section 23, section 25 was a lesser included offense of that proscribed by section 23. Therefore, defendant's conviction for violation of section 25 was improper and may not be affirmed.

Under the facts of this case it appears also that any violation of

section 27 was proved when it was established defendant had failed to fulfill the requirements of section 25. It is not reasonable to expect that defendant would have given notice of the accident to the police department when the police and the ambulance were already at the scene and working the accident. His violation at this point consisted of his failure to inform the police of his own involvement, which was a violation of section 25, which in turn was a violation of section 23.

As was held in *State v. Garnes,* 229 Kan. 368, Syl. ¶ 5, 624 P.2d 448 (1981):

> "A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution."

The trial court has discretion in giving its instructions to the jury and on appeal, those instructions will be approved if, after considering them in their entirety, they properly and fairly state the law as applied to the facts of the case. *State v. Ferguson, Washington & Tucker,* 228 Kan. 522, Syl. ¶ 2, 618 P.2d 1186 (1980). The jury was instructed that it must decide each charge separately on the evidence and law applicable to it, uninfluenced by its decision as to any other charge. So instructed, the jury found defendant guilty of violating section 23 of the ordinance. Error in instructions on lesser offenses does not prejudice a defendant who is convicted on satisfactory evidence of a higher charge under proper instructions relating to it. *State v. Hockett,* 172 Kan. 1, 4-5, 238 P.2d 539 (1951). As defendant has not shown prejudice, any error in giving instruction 13 was harmless.

Defendant next contends error in that instruction 10, which purported to set forth the elements of the offense under section 23, did not require the jury to find (a) that he failed to stop, or (b) having stopped, he left the scene of the accident without having fulfilled the requirements of section 25. Defendant concedes he did not object to this instruction on these grounds at trial and, by reason of K.S.A. 22-3414(3), the only question before this court is whether the instruction was clearly erroneous.

An instruction is clearly erroneous when the reviewing court reaches the firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict. *State v. Stafford,* 223 Kan. 62, Syl. ¶ 2, 573 P.2d 970 (1977). It was established that defendant did in fact stop at the scene of the accident. His offense was failing to fulfill the

requirements of section 25. The elements of this offense were set forth in instructions 11 and 12. We find therefore that instruction 10 is not clearly erroneous and defendant's contention in this regard is without merit. Neither do we find merit in defendant's argument that the court should have instructed on "intent." The trial judge was correct in that the offense charged under section 23 of the ordinance, substantially that proscribed by K.S.A. 8-1602, is an absolute liability offense when considered in light of K.S.A. 21-3204. No doubt, if defendant could have shown he had somehow been rendered unaware of the accident, or because of injuries sustained had been removed from the scene under circumstances beyond his control, such would have been a valid defense to the charge. However, it is clear that such was not the case. See *State v. Wall,* 206 Kan. 760, 482 P.2d 41 (1971); *State v. Baker,* 1 Kan. App. 2d 568, 571 P.2d 65 (1977).

The trial of this cause commenced May 11, 1981, and the City presented its case in chief on that date. During that period, defendant repeatedly disrupted the proceedings by speaking in a loud tone of voice. After being admonished by the court, he went into a hallway during a recess and apparently shouted obscenities and acted like he was bribing a witness. This outburst led to one of the jurors being excused after admitting she had been prejudiced by defendant's conduct. Despite the admonitions of the court, defendant's disruptive conduct continued, causing defense counsel first to request a mistrial and then to move to withdraw on the ground that he could not properly represent the defendant. Both were overruled. During the proceedings outside the presence of the jury, defendant wanted to shake the judge's hand, requested assistance in becoming a lawyer, continually interrupted the court's admonitions, and apologized profusely. At one point he asked what had happened in the courtroom. Defendant's conduct caused the court to find him in contempt and he was sentenced to 30 days in jail. Immediately thereafter, defendant asked if he could go home. At that time, the proceedings were adjourned until the next day.

When trial resumed, defense counsel requested the court to order a competency examination pursuant to K.S.A. 22-3302. In denying this motion, the court stated that defendant's conduct was "unquestionably the result of either the consumption of alcoholic beverages or drugs or a combination of the two," and

that "there is no basis upon which for the Court to make an affirmative finding of probable cause to believe that some sort of mental aberration or mental incompetency is thereby involved." The court specifically found that "no prejudice has been illustrated with respect to the defendant's receipt of a fair trial . . . ."

Whether a mistrial should be declared, and whether a hearing on competency is needed during trial, are matters which must be left to the sound discretion of the trial court. K.S.A. 22-3423; *State v. Everson,* 229 Kan. 540, 543, 626 P.2d 1189 (1981); *State v. Williams,* 228 Kan. 723, Syl. ¶ 6, 621 P.2d 423 (1980). The trial court examined the defendant and weighed the circumstances at some length. On the second day of trial defendant made no further outbursts and testified in a coherent manner. We find no abuse of discretion.

Defendant's conviction under section 23 of the Overland Park Municipal Code and the sentence imposed by reason thereof are affirmed. Convictions under sections 25 and 27 of the Code are reversed and the sentences imposed by reason of those convictions are vacated.