NOT DESIGNATED FOR PUBLICATION

No. 114,362

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN NIELSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY F. GOERING, judge. Opinion filed November 4, 2016. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

*Per Curiam*: Sean Nielson appeals, claiming the district court erred in instructing the jury on the culpable mental state for leaving the scene of an injury accident and leaving the scene of an accident involving property damage. We find Nielson agreed to the jury instructions as given—if there was error, it was invited—and the instructions did not violate his due process rights. We affirm.

FACTS

Nielson was charged with and prosecuted for leaving the scene of an accident that resulted in great bodily injury and leaving the scene of an accident resulting in more than $1,000 in property damage.

The accidents occurred outside a Wichita bar in the early morning hours of May 19, 2013. There is no dispute Nielson reversed his car into a vehicle causing great bodily injury to a pedestrian. Likewise, there is no dispute Nielson accelerated forward and collided with a fence, causing more than $1,000 in property damage. Nielson admitted he knew both collisions occurred.

The State's proposed jury instructions for leaving the scene of an accident involving great bodily harm detailed the following elements:

"The defendant is charged in Count I with leaving the scene of an accident resulting in great bodily harm. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. The defendant was the driver of a vehicle involved in an accident.

"2. The accident resulted in great bodily harm to a person.

"3. The defendant failed to immediately stop at the scene of the accident and remain or stop as close to the scene of the accident as possible and then immediately return to the scene and remain until information required by law was reported to a law enforcement officer.

"4. This act occurred on or about the 19th day of May, 2013, in Sedgwick County, Kansas.

"To satisfy its burden under paragraph 1, the State must prove that the defendant knew or reasonably should have known he was involved in an accident. A defendant acts knowingly when the defendant is aware of the circumstances in which he is acting. The State need not show that defendant knew the accident resulted in great bodily harm, as alleged in paragraph 2."

The instruction for leaving the scene of an accident resulting in property damage was identical to the instruction above with the exception of inserting property damage wording where great bodily harm is discussed.

In contrast, Nielson proposed PIK Crim. 4th 52.300 to instruct the jury on the required culpable mental state which stated: "The State must prove that the defendant *insert specific act committed by defendant* intentionally, knowingly, or recklessly."

When discussing proposed Jury Instructions 5 and 6 at the instruction conference, the State detailed:

> "Generally speaking, case law would say that leaving the scene is a strict liability offense, just as most traffic offenses are, except that case law has found that there is an implicit requirement that someone know that they were involved in an accident before they would be aware of the liability and duty to report. There's a number of different cases, one is the *City of Overland Park v. Estell* [8 Kan. App. 2d 182, 653 P.2d 819 (1982),] and some others. And so because of that, I've kind of tailored the knowing requirement to the specific element, which is awareness of the accident as opposed to the degree of harm or et cetera, et cetera, and put that language as a paragraph on both Counts 1 and 2 which would be Instructions 5 and 6."

When the district court asked if Nielson's counsel had any objections to the way Jury Instructions 5 and 6 handled the intent element, he replied: "No, Judge. It looks appropriately worded." The district court gave the State's proposed instructions.

The jury found Nielson guilty of leaving the scene of an accident resulting in great bodily harm and leaving the scene of an accident resulting in property damage. The district court sentenced him to 16 months' imprisonment, suspended the sentence, and placed Nielson on probation for 18 months.

Nielson appeals, claiming the district court erred in giving Jury Instructions 5 and 6.

ANALYSIS

The standard of review when addressing challenges to jury instructions is based upon the following analysis:

> "'(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).'" *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015) (quoting *State v. Plummer*, 295 Kan. 156, Syl ¶ 1, 283 P.3d 202 [2012]).

The State argues Nielson cannot complain regarding the jury instructions because there was an on-the-record agreement as to the instructions' wording. Under the invited error doctrine, a defendant cannot challenge an instruction on appeal, even as clearly erroneous under K.S.A. 2015 Supp. 22-3414(3), when there has been an on-the-record agreement to the wording of the instruction at trial. *State v. Peppers*, 294 Kan. 377, 393, 276 P.3d 148 (2012). On the record, Nielson's attorney agreed to the wording of the State's proposed jury instructions defining leaving the scene of an accident resulting in great bodily injury and leaving the scene of an accident resulting in more than $1,000 property damage. The district court instructed the jury using the instructions Nielson agreed were "appropriately worded." On appeal, Nielson may not complain the

4

instructions were erroneous because he invited the error. However, even if Nielson had not invited the error he complains of on appeal, he would still lose on the merits.

Nielson argues he preserved this issue because he submitted PIK Crim. 4th 52.300 as a proposed jury instruction. However, "[i]t is not sufficient to simply have filed proposed instructions before trial to preserve a later challenge under [the] general framework for reviewing jury instructions on appeal." *State v. Brammer*, 301 Kan. 333, 341, 343 P.3d 75 (2015). Nielson did not object to the district court's failure to give proposed PIK Crim. 4th 52.300; likewise, he did not lodge an objection to the jury instructions given by the district court—Nielson approved them.

For the first time on appeal, Nielson claims his convictions must be reversed because his due process rights were violated when the district court did not instruct the jury on every element of the crimes he was charged. He argues the issue may be raised for the first time on appeal because it is a question of law on proved or admitted facts and is determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). The State disagrees, arguing the alleged instructional error is not "finally determinative" because the error is subject to a harmlessness analysis and, if found, would only require remand for a new trial.

Nielson also argues consideration of his alleged instructional error is necessary to prevent the denial of fundamental rights which would occur if he is "convicted of these crimes without the jury ever having been informed of one of the essential elements, and without the jury ever having considered one of the essential elements."

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires proof beyond a reasonable doubt of each element of the crime charged. *State v. Elrod*, 38 Kan. App. 2d 453, 463, 166 P.3d 1067 (2007). Unless the

definition of a crime "plainly dispenses" with any mental element, a culpable state of mind is an essential element of the crime. K.S.A. 2015 Supp. 21-5202.

K.S.A. 2015 Supp. 8-1602(a) neither prescribes a culpable mental state nor plainly dispenses with any mental element. However, for more than 45 years, Kansas caselaw has prescribed a culpable mental state for leaving the scene of an accident. In *State v. Wall*, 206 Kan. 760, 764, 482 P.2d 41 (1971), the Kansas Supreme Court held the driver of a motor vehicle must know he or she has been in a collision to sustain a conviction for hit-and-run driving. The *Wall* court analyzed K.S.A. 1969 Supp. 8-518(a), which stated:

"'The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of K.S.A. 8-520, as amended. Every such stop shall be made without obstructing traffic more than is necessary.'" *Wall*, 206 Kan. at 764.

The language of K.S.A. 2015 Supp. 8-1602(a) is nearly identical, with two slight additions (in italics):

"The driver of any vehicle involved in an accident resulting in injury to, *great bodily harm to* or death of any person *or damage to any attended vehicle or property* shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of K.S.A. 8-1604, and amendments thereto." (Emphasis added.)

Nielson's citation to *State v. Heironimus*, 51 Kan. App. 2d 841, 356 P.3d 427 (2015), does not strengthen his argument. In *Heironimus*, the State argued K.S.A. 2011 Supp. 8-1602 imposed absolute liability and a culpable mental state was not a necessary element. The district court agreed and did not provide a culpable mental state instruction

6

to the jury. On appeal, Heironimus cited *Wall* and contended "that knowledge of an accident is an essential element of leaving the scene of an injury accident and that the State needed to prove that element." *Heironimus*, 51 Kan. App. 2d at 846. The *Heironimus* court concluded:

> "Because a culpable mental state is required unless the definition of an offense plainly dispenses with that requirement or clearly indicates a legislative purpose to impose absolute liability and K.S.A. 2011 Supp. 8-1602 lacks both these indicators, it is clear that criminal intent must be an element of that offense. As provided by the criminal intent statutes, if a crime lacks a prescribed culpable mental state, '"intent," "knowledge" or "recklessness" suffices to establish criminal responsibility.' K.S.A. 2011 Supp. 21-5202(e). The State therefore needed to plead and prove that Heironimus intentionally, knowingly, or recklessly left the scene of an injury accident in violation of the requirements of K.S.A. 2011 Supp. 8-1602(a)." 51 Kan. App. 2d at 850.

Here, the jury was instructed on a culpable mental state. In Jury Instructions 5 and 6, the district court instructed:

> "To establish this charge, each of the following claims must be proved:
> "1.     The defendant was the driver of a vehicle involved in an accident.
> . . . .
> "To satisfy its burden under paragraph 1, *the State must prove that the defendant knew or reasonably should have known he was involved in an accident*. A defendant acts knowingly when the defendant is aware of the circumstances in which he is acting." (Emphasis added.)

Nielson admitted he was driving when both collisions occurred. He admitted he was aware of both collisions, knew he had caused property damage, and knew people had possibly been injured. Nielson also admitted one collision resulted in great bodily injury and the other resulted in property damage. In addition, Nielson admitted he left the scene without speaking to law enforcement officers and did not contact law enforcement with

7

his information for more than a day. In fact, Nielson testified he left the scene because he was being attacked. Nielson made the decision to leave the scene of the accidents to avoid conflict with people at the scene.

There was no error in giving Jury Instructions 5 and 6 and, if there were, it would have been invited error by Nielson.

Affirmed.