THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY JACK, Defendant-Appellant.

Second District   No. 2—95—1236

Opinion filed July 24, 1996.

Peter Alexander, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Joan M. Kripke, of Chicago, for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, the defendant, Timothy Jack, was found guilty of aggravated leaving the scene of a motor vehicle accident involving personal injury or death (625 ILCS 5/11—401(b) (West 1994)). We affirm.

The following facts are taken from the record of the trial proceedings. On August 9, 1994, at 9 p.m., the defendant drove eastbound on McCurry Road when he struck the victim, Anthony Barlow, who was riding a bicycle eastbound. The accident occurred in a dark rural area of Winnebago County on McCurry Road, a 22.9-foot-wide, two-lane road, with guardrails seven feet from each side of the pavement. Before being struck, the victim rode his bicycle approximately five feet five inches into the defendant's lane. The victim wore dark clothing, and his bicycle did not have a light. The defendant testified that, after he struck the victim, he stopped and looked behind his car. He did not see anything and, thus, concluded that he hit a deer and drove on. Unfortunately, the defendant struck the victim, who was thrown more than 80 feet onto the side of the road. His body was partially obscured by weeds under the guardrail. The victim died as a result of injuries sustained in the accident.

As the accident occurred, Alison Dean drove westbound on McCurry Road with Sarah Herschlag, a passenger. Dean and Herschlag testified that they saw the defendant's car strike what they initially believed was a deer. However, Dean stated that after she passed the accident "it didn't look like a deer *** it looked like a person." Dean did not see a face but saw the outline of the body. Herschlag testified that after they passed the accident she saw the bicycle reflectors as she looked out the rear car window. Dean turned the car around and drove eastbound on McCurry Road. Dean stopped the car, and both Dean and Herschlag saw the bicycle by the side of the road. According to Dean, the tire was "sticking out into the road." Dean and Herschlag then proceeded to their planned destination, a swimming pool. When they arrived at the swimming pool, Dean asked the pool personnel to call 911. Dean, Herschlag, and a friend, Sara Smith, returned to the scene of the accident, stepped out of the car, and saw the victim in the bushes. They returned to the pool to be sure 911 had been called and then returned to the accident scene. Paramedics and police were already there. The paramedic at the scene testified that "you could see the victim as you drive past him."

The chief of police of the Village of Roscoe, Richard Lee, testified that the defendant called him the next morning. According to Lee, the defendant stated that the night before "he thought he hit something on McCurry Road," he drove home and saw "that his windshield was pushed in," and he told his girlfriend "that he hit a deer." However, Police Chief Lee testified that, during a second interview on August 11, 1994, the defendant stated that he did not know what he hit, he was afraid to call the police, and he could not get himself to do anything. The defendant also told Police Chief Lee that he stayed up all night.

According to Sergeant Don Wilder of the Village of Roscoe police department, the defendant stated that he did not call the police after the accident because he "was like a zombie," his "heart was beating 300 times a minute," he "was scared," he thought he struck a deer, and he could repair his car's damage because he was in the car repair business. In addition, the defendant told Officer Wilder that he first learned that a child had been hit on McCurry Road at 8 a.m. the following morning. However, the defendant also told Officer Wilder that he first became aware that he possibly struck a person at 6 a.m. the following morning, when Bruce Hanson, a friend, stopped by the defendant's home.

Diane Brandon, the defendant's girlfriend, testified that, when the defendant arrived home after the accident, he behaved in a "hysterical" manner and was "very upset." She also testified that the defendant's voice was shaky, she could not understand what he was saying, and he was talking to himself.

The defendant testified that he was "startled and shocked" when the right-hand side of his windshield came in as he travelled 45 miles an hour on McCurry Road. The speed limit is 55 miles an hour. The defendant stopped the car, opened the door, and, with one foot out of the car, looked back over his shoulder for "a second or two." The defendant testified that he did not see anything and, thus, drove home. The defendant thought he hit a deer. However, he did not investigate. The defendant stated that when he arrived home, he felt shaky and was startled but did not act in a hysterical manner. The defendant offered no evidence that he was hospitalized or otherwise physically incapacitated at any time after the accident.

■ The State charged the defendant with (1) leaving the scene of a motor vehicle accident involving personal injury or death (625 ILCS 5/11—401(a) (West 1994)); a Class A misdemeanor (625 ILCS 5/11—401(c) (West 1994)); and (2) aggravated leaving the scene of a motor vehicle accident involving personal injury or death (625 ILCS 5/11—401(b) (West 1994)). Section 11—401 of the Illinois Vehicle Code (Code) provides:

"(a) The driver of any vehicle involved in a motor vehicle accident resulting in personal injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible and shall then forthwith return to, and in every event shall remain at the scene of the accident until the requirements of Section 11—403 have been fulfilled. Every such stop shall be made without obstructing traffic more than is necessary.

(b) Any person who has failed to stop or to comply with said requirements shall, within 3 hours after such motor vehicle accident, or, if hospitalized and incapacitated from reporting at any time during such period, within 48 hours after being discharged from the hospital, report the place of the accident, the date, the approximate time, the driver's name and address, the registration number of the vehicle driven, and the names of all other occupants of such vehicle, at a police station or sheriff's office near the place where such accident occurred. ***
***

(c) Any person failing to comply with paragraph (a) *** shall be guilty of a Class A misdemeanor.

(d) Any person failing to comply with paragraph (b) shall be guilty of a Class 4 felony." 625 ILCS 5/11—401 (West 1994).

Section 11—403 requires the driver of any vehicle involved in a motor vehicle accident resulting in injury or death of a person or damage to a vehicle to: (1) give his name, address, registration number, and name of the owner of the vehicle; (2) display his driver's license to the person struck; and (3) render "reasonable assistance" to any injured person. 625 ILCS 5/11—403 (West 1994). A violation of section 11—401(b) is a Class 4 felony (625 ILCS 5/11—401(d) (West 1994)), punishable for not less than one year's and not more than three years' imprisonment. 730 ILCS 5/5—8—1(a)(7) (West 1994).

The trial judge found that the State proved beyond a reasonable doubt that the defendant was guilty of aggravated leaving the scene of a motor vehicle accident involving personal injury or death (625 ILCS 5/11—401(b) (West 1994)). The trial judge found that the defendant was "uncertain as to the fact that he had hit only a deer" and "knew that an accident had occurred." The trial judge stated that the statute "requires a reasonable investigation of the circumstances involving the accident or the collision." In addition, the trial judge found that "[a] short walk around the car either immediately at that time or after turning around the vehicle and returning to the scene would have revealed without question the bike and very probably [the victim]." The trial judge sentenced the defendant to 30 months' probation, 90 days in the county jail (remittable), 120 hours of public

service, and fined the defendant $1,000. In addition, the trial judge ordered the defendant to pay for counselling of the victim's family, if requested.

The defendant appeals, arguing that the trial court erred by interpreting the statute as requiring no *mens rea*. In other words, the defendant argues that the trial court erroneously interpreted the statute as an absolute or strict liability offense. The State argues that the offense is not an absolute liability offense. We agree with the State.

■ First, the defendant argues that the offense of which he was found guilty exceeds the legislative authority to regulate the licensing of drivers. However, the defendant cites no relevant authority for this proposition. The defendant merely states that when the punishment for an offense "may result in incarceration and a fine over $500.00, a defendant may not be found guilty of an absolute liability offense unless, '[t]he statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described. 720 ILCS 5/4—9 [(West 1994)].' "

The provision cited by the defendant is inapplicable to the case at bar. The defendant was not found guilty of an absolute liability offense. In *People v. Nunn*, 77 Ill. 2d 243 (1979), our supreme court specifically held that section 11—401 is not an absolute liability offense. Our supreme court held that under section 11—401 the State must prove that the defendant knew that an accident occurred. *Nunn*, 77 Ill. 2d at 252; *People v. Janik*, 127 Ill. 2d 390, 399 (1989). Therefore, the defendant's first argument fails.

■ Next, the defendant argues that the statute is ambiguous and does not clearly indicate an absolute liability offense. The defendant supports this argument by stating that the cases interpreting the statute are distinguishable and show an ambiguity in the language. We agree with the State that section 11—401 is not an absolute liability offense. Again we remind the defendant that the State was required to establish a *mens rea*, *i.e.*, knowledge (*Janik*, 127 Ill. 2d at 399), and that the trial court found the State met this requirement.

In addition, the defendant argues that the statutory requirements for a conviction under section 11—401 are ambiguous as applied to this case. The defendant contends that section 11—401 "should require that the defendant have some knowledge that the 'accident' in which he was involved could result in injury to another party." We disagree.

Under section 11—401(b), the State must establish that the defendant was involved in an accident, the accident resulted in injury or death to a person, and the defendant left the scene of the accident

without rendering aid or leaving information and failed to report the accident. 625 ILCS 5/11—401(a), 11—401(b), 11—403 (West 1994). In addition, the State must prove that the defendant knew he was involved in an accident. *Janik*, 127 Ill. 2d at 399. However, the State is not required to prove that the defendant knew the accident caused an injury or death. *Janik*, 127 Ill. 2d at 399. In *Janik*, the defendant struck the victim with his vehicle as the victim walked on a dark road in the evening. A police officer testified that the defendant stated he saw something in the road, "swerved to avoid it, but hit it anyway," and that "[w]hen asked what he thought he hit, [the] defendant said he thought it was a mailbox." *Janik*, 127 Ill. 2d at 396. However, at trial, the defendant testified that he believed someone *threw* a mailbox at his passenger window and requested an instruction regarding the affirmative defense of necessity. *Janik*, 127 Ill. 2d at 398. The trial court declined to give the instruction. Our supreme court held that the trial court properly declined to give the instruction because the defendant's testimony, if believed, did not raise the necessity defense. *Janik*, 127 Ill. 2d at 400. Instead, our supreme court stated that the defendant's testimony, if believed, *would have refuted the knowledge element of the offense. Janik*, 127 Ill. 2d at 400.

Similarly, in *People v. McCracken*, 179 Ill. App. 3d 976 (1989), the defendant struck a pedestrian on Lower Wacker Drive in Chicago with his car. The defendant and two passengers in the defendant's car all testified that they knew the defendant struck "something" and that, after impact, one of the passengers stated that she thought he hit a dumpster. *McCracken*, 179 Ill. App. 3d at 980-81. However, two witnesses for the State testified that they saw the defendant's car strike the victim and leave the scene of the accident. *McCracken*, 179 Ill. App. 3d at 978-79. The trial judge found the defendant guilty of leaving the scene of an accident involving personal injuries (Ill. Rev. Stat. 1985, ch. 95$^1$/$_2$, par. 11—401(a) (now 625 ILCS 5/11—401(a) (West 1994))). *McCracken*, 179 Ill. App. 3d at 982. On appeal, the defendant argued he was not found guilty beyond a reasonable doubt. *McCracken*, 179 Ill. App. 3d at 984. The Appellate Court, First District, found that the evidence was sufficient to support a finding of guilty beyond a reasonable doubt because the defendant admitted that he knew he hit something. *McCracken*, 179 Ill. App. 3d at 985.

The reasoning in *Janik* and *McCracken* is applicable to the case at bar. In the instant case, the defendant did not present any evidence that he did not know he was involved in an accident or that he did not know he struck something. On the contrary, the defendant acknowledged that he knew he was in an accident, but claimed he thought he struck a deer. Accordingly, the State met the knowledge

requirement of section 11—401. *Janik*, 127 Ill. 2d at 399. Therefore, the defendant's argument fails.

We recognize that our analysis in this case differs from that of a recent fifth district case, *People v. Digirolamo*, 279 Ill. App. 3d 487 (1996). *Digirolamo* is very similar to the case at bar in that a defendant was convicted of leaving the scene of an accident involving death or injury (625 ILCS 5/11—401 (West 1992)) after hitting a pedestrian with his car on a dark rural road. The State and the defendant disagreed as to the *mens rea* required to establish the defendant's guilt. The defendant claimed that the State was required to prove beyond a reasonable doubt that the defendant knew he was involved in an accident involving a person. The State argued that it was required to prove beyond a reasonable doubt that the defendant merely knew he was in an accident. The Appellate Court, Fifth District, disagreed with the State and held that the State was required to prove beyond a reasonable doubt that the defendant knew he was in an accident involving another person. *Digirolamo*, 279 Ill. App. 3d at 492. We agree with the fifth district that the State was required to prove more than the defendant's knowledge that he was in an accident. However, we disagree with its conclusion that the State had to prove that the defendant knew he was in an accident involving a person. We do not believe the fifth district's analysis is consistent with *Janik*. 127 Ill. 2d 390. Instead, we believe that to satisfy the *mens rea* element of the offense the State was required to prove that the defendant knew he was in an accident and failed to fulfill his duty under the statute. 625 ILCS 5/11—401, 11—403 (West 1994).

■ Finally, the defendant argues that the trial judge erroneously "read into the statute an affirmative duty by the defendant to inquire further" to discover what he hit. The defendant claims that this requirement is not found in the statute but was created by the trial judge. We disagree.

Section 11—401 of the Code requires a person involved in a motor vehicle accident resulting in injury or death to stop, render aid, and provide information to the person struck as required in section 11—403. 625 ILCS 5/11—401, 11—403 (West 1994). "[A]n obvious purpose of the statute is to assure that injured victims of accidents be given prompt medical attention." *Nunn*, 77 Ill. 2d at 252. An investigation is usually necessary to meet the requirements of section 11—403, *i.e.*, stop, render aid, and provide information. Therefore, a person who knows he is in an accident, but fails to investigate, usually fails to even attempt compliance with section 11—403.

In the instant case the State presented a *prima facie* case that

the defendant failed to comply with sections 11—401(b) and 11—403 when it established that the defendant knew he was involved in an accident, the accident resulted in injury or death to a person, and the defendant failed to stop, render aid, provide information, and report the accident. 625 ILCS 5/11—401(b), 11—403 (West 1994). The defendant attempted to raise a reasonable doubt regarding his guilt by claiming that he had no duty to render aid, provide information, or report the accident because he believed he hit a deer. However, the record reveals that the defendant's alleged belief was based on mere speculation and conjecture. The State presented evidence that a drive by the accident site would have disclosed the fallacy of the defendant's alleged belief. Therefore, the trial court's finding that the defendant failed to reasonably investigate in compliance with section 11—401(b) was not against the manifest weight of the evidence. Thus, a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt of aggravated leaving the scene of a motor vehicle accident involving personal injury or death.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

RATHJE and HUTCHINSON, JJ., concur.